UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:12-cv-00617-GKS-DAB

SONJA L. RIGNEY, an individual,
on behalf of herself and all others similarly situated,

    Plaintiff,

v.

LIVINGSTON FINANCIAL, LLC,
a foreign limited liability company, and
WILLIAM C. HICKS, an individual,

    Defendants.
_____/

# FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES UNDER 15 U.S.C. § 1692 *et seq.*, THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

1.    Plaintiff, SONJA L. RIGNEY, on behalf of the putative class alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). In sum, Defendant, LIVINGSTON FINANCIAL, LLC, has filed a state court lawsuit without first obtaining a license to collect consumer debts in the State of Florida as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc*

*v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

Plaintiff maintains that Defendants' actions are unconscionable, criminal and have resulted in financial damages to Plaintiff. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."  On behalf of the putative class, Plaintiff seeks to recover all monies illegally collected by Defendants within the statutory timeframe.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff has been sued in Volusia County and Defendants conduct business in this District.

## PARTIES

3.  Plaintiff, SONJA L. RIGNEY, is a natural person, and citizen of the State of Florida, residing in Volusia County, Florida.

4.  Defendant, LIVINGSTON FINANCIAL, LLC, ("LIVINGSTON"), is a foreign limited liability company conducting business from offices located at 105 South 5th Street, Minneapolis, Minnesota 55402-6401.

5. Defendant, WILLIAM C. HICKS, ("HICKS"), is a member-manager and/or shareholder of LIVINGSTON and upon information and belief oversees its day-to-day operations, including but not limited to LIVINGSTON's collection of allegedly delinquent accounts and its compliance with applicable state laws. *See generally*, *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 440-41 (6th Cir. 2008).

6. Upon information and belief, Defendant HICKS is actively involved in debt collection; in addition to his job responsibilities at LIVINGSTON, HICKS also oversees the collection activities for MESSERLI & KRAMER, P.A., one of the largest collection law firms in the State of Minnesota.

7. Defendant LIVINGSTON is not registered as a "Consumer Collection Agency" as required by Florida law.

8. Defendant LIVINGSTON regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

9. Defendant LIVINGSTON purchased defaulted upon credit card debts and files suit upon said debts in various Florida County Courts.

10. At all times material to the allegations of this complaint, Defendants LIVINGSTON and HICKS were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

11. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

12. Defendants sought to collect an alleged debt from Plaintiff arising from Plaintiff's use of a US BANK credit card issued by and used by Plaintiff for personal, family or household purposes, including but not limited to, the purchase of such things as clothes, groceries, personal gifts, and travel-related expenses.

13. That the original credit card issuer, US BANK, has countless offices located across the State of Florida and solicits its credit-related products to Florida consumers.

14. On or about March 13, 2012, Defendant served Plaintiff with a lawsuit requiring Plaintiff to defend a lawsuit filed in Volusia County Court; the alleged debt at issue, according to Defendant's lawsuit, was more than $5,000.00

dollars but less than $15,000.00 dollars, exclusive of interest, costs, and attorney's fees.

15. That prior to being served with process, Plaintiff had no knowledge of the aforementioned lawsuit.

16. That Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

17. That based upon an online license search conducted on April 12, 2011 at the website maintained by the Florida Office of Financial Regulation, Defendant is not licensed to collect consumer debts in the State of Florida.

18. That Plaintiff maintains that Defendant's debt collection activities taken against him over the past year were in direct violation of the FDCPA.

19. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

20. That Plaintiff has incurred actual damages, including but not limited to the attorney's fees she incurred as the result Defendant having filed the underlying state court action. *Lowe v. Elite Recovery Solutions, L.P.*, 2008 U.S.

5

Dist. LEXIS 8353 (E.D.Cal. 2008) (Holding that fees incurred from underlying state court action were recoverable as "actual damages" under the FDCPA).

21. The state court action filed by Defendant is void *ab initio* as Florida state courts will not lend their aid to the enforcement of an action that is in fact barred by a Florida regulatory measure. *See generally*, *Cooper v. Paris*, 413 So.2d 772, 773 (Fla. 1st DCA 1982).

## CLASS ACTION ALLEGATIONS

22. This action is brought on behalf of a class consisting of (i) all persons (ii) whom were the subject of collection activity from LIVINGSTON (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) which were sued, contacted by telephone, or sent demand letters not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the original complaint in this action through the date of certification.[1]

Excluded from the Class are Defendants, their legal representatives, assigns, and successors, and any entity in which the Defendants have a controlling interest. Also excluded from the Class is the Judge to whom this case is assigned as well as the Judge's immediate family. Plaintiff reserves the right to amend the above-stated Class definition based upon facts learned in discovery.

---

[1] The members of the putative class may be referred to herein as "the Class."

25. Plaintiff alleges on information and belief based upon the Defendant LIVINGSTON having filed hundreds of identical lawsuits throughout the State of Florida that the class is so numerous that joinder of all members of the class is impractical. There are more than forty-one (41) individuals in the Class as previously defined herein.

26. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

    (a) Whether Defendants' conduct is governed by the FDCPA?

    (b) Whether Defendants' collection activities in Florida (while unregistered with the Florida Office of Financial Regulation) violated the FDCPA?

    (c) Are the class members entitled to recover actual damages from Defendants?

27. Plaintiff's claims are typical of those of the class members. All claims are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful

practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

29. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

  (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

  (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole.

31. Plaintiff requests certification of a hybrid class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages and pursuant to Rule 23(b)(2) for injunctive relief.

**COUNT I**
**FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS**
**MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION**

## OF 15 U.S.C. § 1692e

32. Plaintiff incorporates Paragraphs 1 through 31.

33. Defendant LIVINGSTON's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated various provisions of the Fair Debt Collection Practices Act, including the following: 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10). *See generally*, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the putative class and against Defendants for:

      a. Damages, both statutory and actual;

      b. Attorney's fees, litigation expenses and costs of the instant suit;

      c. An order prohibiting Defendant from engaging in consumer collection activity within the State of Florida without the requisite licensure; and

      d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 11th day of July, 2012.

                SCOTT D. OWENS, ESQ.
                *Attorney for Plaintiff and the putative class*
                664 E. Hallandale Beach Blvd.
                Hallandale, FL 33309
                Telephone: 954-589-0588
                Facsimile: 954-337-0666
                scott@scottdowens.com

      By: s/ *Scott D. Owens*
          Scott D. Owens, Esq.
          Florida Bar No. 0597651

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 11, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Scott D. Owens
**SCOTT D. OWENS, ESQ.**