UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SONJA L. RIGNEY, individually,

    Plaintiff,

v.                                           Case No.  6:12-cv-617-Orl-18TBS

LIVINGSTON FINANCIAL, LLC,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Responses to Interrogatories, Requests for Production and to Deem Requests for Admissions Admitted (Doc. 31).  The motion is DENIED WITHOUT PREJUDICE because it does not comply with Local Rule 3.01(g).

According to the motion, Plaintiff's counsel has "attempted to confer with opposing counsel."  (Id.)  Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.  The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See

Local Rule 3.01(g). The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism). In other words, counsel for Plaintiff and Defendant both have a duty to discuss the issues raised in the motion before it is filed. If the attorney for any party fails or refuses to accept or return telephone calls intended to satisfy counsel's Rule 3.019g) obligations, the matter should be brought to the Court's attention in a motion. A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate. The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

 IT IS SO ORDERED.

 DONE AND ORDERED in Orlando, Florida, on December 4, 2012.

THOMAS B. SMITH
United States Magistrate Judge

 Copies to all Counsel